IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MICHAEL MILLER,

      Plaintiff,

v.

AHMED HOLT, et al.,

      Defendants.

CIVIL ACTION
FILE NO. 5:25-cv-356

### SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on <u>January 16, 2026</u>, at which

the parties to this action conferred and jointly developed this Proposed

Scheduling and Discovery Order (the "Proposed Order") containing deadlines

and limitations as follows:

### I.    <u>Nature of the Case:</u>

This is a Section 1983 lawsuit regarding the medical care provided to

Plaintiff Michael Miller by Defendants. Mr. Miller suffers from several

serious and life-threatening illnesses, including advanced-stage lung cancer,

which was diagnosed in July 2020 following six months of severe symptoms.

Mr. Miller alleges that certain Georgia Department of Corrections officials

failed to adequately treat his cancer, by substantially delaying treatment for

over a year, by failing to administer the treatment according to the treating

physician's orders, by providing treatment that was inconsistent and

1

inadequate, and ultimately by abruptly stopping Mr. Miller's chemotherapy treatment without medical reason, despite repeated pleas for his treatment to be resumed. Mr. Miller also alleges that he has suffered from inadequate delivery of his necessary and prescribed pain medication, including morphine, which has caused him to suffer years of severe pain and other symptoms, and has interrupted the delivery of other necessary medical care.  Mr. Miller alleges that Defendants were deliberately indifferent to his serious medical needs, and also negligent in their actions and inactions relating to Mr. Miller's medical care.

Defendants deny the allegations in the complaint and deny that they breached any legal duty owed to Mr. Miller, under the Constitution and laws of the United States, or otherwise.  Defendants further assert that the claims are barred by the doctrine of sovereign immunity and that they are entitled to qualified immunity under federal law.

Both parties have requested a jury trial on all issues triable.

## II.    <u>Counsel of Record:</u>

The following individually-named attorneys are designated lead counsel for the parties:

<u>For Plaintiffs:</u>
Victoria Olender Hellstrom
Anna Arceneaux
GEORGIA RESOURCE CENTER
104 Marietta Street, NW, Suite 260

Atlanta, Georgia 30303
Telephone: (404) 222-9202
Fax: (404) 301-3315
Victoria.olender.hellstrom@garesource.org
Anna.arceneaux@garesource.org

Mark Begnaud
mbegnaud@eshmanbegnaud.com
ESHMAN BEGNAUD, LLC
315 W. Ponce De Leon Ave, Suite 775
Decatur, GA 30030
404.665.9601 (phone)
404.393.5019 (fax)

For Defendants:
Thomas Shaw
ALEXANDER & VANN, LLP
411 Gordon Avenue
Thomasville, GA 31792
Telephone: (229) 226-2565
Fax: (229) 228-0444
tshaw@alexandervann.com

### III.    **Complaint and Answer Filing Dates:**

Amended Complaint was filed: November 25, 2025

Answer was filed: December 15, 2025

### IV.    **Discovery Deadlines:**

### A.    **Time for Discovery**

The time for discovery in this case shall expire October 23, 2026, that

being no more than 270 days after the submission of the Proposed Order to

the Court.

3

If a party believes that more time for discovery is needed, an appropriate motion, accompanied by a proposed order for the Court, may be filed setting forth good cause for an extension.

## B.    Scope of Discovery

The parties will conduct discovery into the facts underlying the complaint – the medical care provided or denied to Mr. Michael Miller and surrounding facts, the potential culpability of the Defendants (and, potentially, any yet-unnamed parties), any defenses, and damages.  Discovery should be completed by <u>October 23, 2026</u>, and the parties do not anticipate the need for phased discovery.

## C.    Electronically Stored Information

The parties will endeavor to provide any electronic discovery via generally acceptable means (e.g., .pdf, .mp4, .wav, etc.).  Should any issues arise, the parties will work in good faith to resolve any such issues.

## D.    Privilege Claims

The parties do not, at this time, anticipate any issues regarding privilege or other protection of trial-preparation materials.

## E.    Witnesses to be Deposed

The witnesses expected to be deposed by either party are listed below. Considering the number of defendants alone, the parties agree to conduct

more than 10 depositions provided that that parties will exceed that limit only as reasonable and necessary.

By Plaintiffs:

Plaintiff will likely depose each Defendant, and intends to depose any other Georgia Department of Corrections ("GDC") staff or contracting medical employees who were witness to the provision or denial of medical care—such as chemotherapy or prescribed medication—to Plaintiff, and any people housed at Georgia Diagnostic and Classification Prison ("GDCP") who were aware of the policies which Plaintiff asserts are directly relevant to his claims, which witnesses could include incarcerated people housed in the same housing area. Plaintiff may also depose any witness identified in discovery.

By Defendants:

Defendant will likely depose any purported eyewitnesses to the facts described in the complaint, as those eyewitnesses are identified in discovery. Defendant may depose any incarcerated people (current or former), and GDC staff who may have relevant information regarding this lawsuit.  Defendant may also depose the Plaintiff in this matter along with any experts provided by Plaintiff.

**F.     Expert Witnesses**

Designation of Experts

Plaintiff must disclose expert witnesses and provide appropriate expert

reports on or before <u>April 26, 2026</u>, that being no more than 90 days after the submission of the Proposed Order to the Court.

Defendant must disclose expert witnesses and provide appropriate expert reports on or before <u>May 26, 2026</u>, that being no more than 120 days after the submission of the Proposed Order to the Court.

<u>Expert Reports</u>

Expert reports shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).  Any supplemental expert reports must be served on or before <u>July 5, 2026</u>, that being no more than 160 days after the submission of the Proposed Order to the Court. No additional supplemental reports may be disclosed or provided after this date without leave of Court.

## G.    Discovery Limitations or Need for Protective Order

The parties agree that requests for admission that are propounded solely to authenticate documents as provided for under Federal Rule of Civil Procedure 36(a)(1)(B) are excluded from Local Rule 36's limitation on the number of requests to admit that can be propounded.

## H.    Discovery Disputes

Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must contact Vanessa Siaca, Courtroom Deputy (vanessa_siaca@gamd.uscourts.gov; (478) 752-2600) to request a telephone conference with the Court.

**V.    Time for Filing Motions:**

**A.    Motions to Amend the Pleadings or to Join Parties**

All motions seeking to amend the pleadings or to join parties must be filed no later than March 27, 2025, that being no more than 60 days after the submission of this Proposed Order to the Court.

**B.    Dispositive Motions**

All dispositive motions must be filed no later than <u>November 22, 2026,</u> that being no more than 30 days after the expiration of discovery in this case.

**C.    Daubert Motions**

All *Daubert* motions must be filed no later than <u>November 22, 2026,</u> that being no more than 30 days after the expiration of discovery in this case.

**VI.    Certification of the Parties and Counsel:**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order.  All counsel of record shall digitally sign below.

This 26th day of January, 2026.

/s/ Victoria Olender Hellstrom
Anna Arceneaux (Ga. 401554)
Victoria Olender Hellstrom (Ga. 168312)

7

Victoria.olender.hellstrom@garesource.org
Anna.arceneaux@garesource.org
**GEORGIA RESOURCE CENTER**
104 Marietta Street, NW, Suite 260
Atlanta, Georgia 30303
(404) 222-9202

Mark Begnaud (Ga. 217641)
Michael J. Eshman (Ga. 365497)
mbegnaud@eshmanbegnaud.com
meshman@eshmanbegnaud.com
**ESHMAN BEGNAUD, LLC**
315 W. Ponce De Leon Ave, Suite 775
Decatur, GA 30030
Attorneys for Plaintiff

/s/ H. Thomas Shaw
Raleigh W. Rollins (Ga 613860)
H. Thomas Shaw (Ga 596133)
Special Assistant Attorneys General
rrollins@alexandervann.com
tshaw@alexandervann.com
**ALEXANDER & VANN, LLP**
411 Gordon Avenue
Thomasville, GA 31792
Attorneys for Defendants

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT.**

SO ORDERED 27th day of __January__, 2026.

s/Tilman E. Self, III
Tilman E. Self, III
United States Disctrict Judge

8