**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

MICHAEL MILLER
     Plaintiff,

                                      CIVIL ACTION
                                      NO. 5:25-CV-356-TES

v.

AHMED HOLT, et al.,
     Defendants.

_____/

**JOINT PROTECTIVE ORDER**

The Court GRANTS the Parties' Joint Motion for Protective Order.

The Parties having agreed to the terms set forth herein, the Court having considered the terms hereof, and for good cause shown,

IT IS HEREBY ORDERED that documents produced in discovery in this matter shall be protected as follows:

(1)  The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

(2)  Nothing in this Order shall be construed as relieving any party from the obligation imposed by Local Rule to file a motion seeking the sealing of confidential documents;

(3)  Nothing in this Order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records; and

(4)  Nothing in this Order shall be construed as limiting the parties' right to seek discovery concerning any matter, or to modify the parties' duties to respond accurately and completely to discovery requests, as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

The Court further ORDERS as follows:

1

1.      Documents shall presumptively be subject to the provisions of this Order if they are prominently marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" on each page containing information believed to be confidential.

2.      Copies of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be distributed only to and the information therein shared only with (a) the Parties or directors, officers, and employees of Parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing the action for trial or settlement; (b) the attorneys of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel; (c) experts and consultants retained by the Parties or the attorneys of record for this litigation and the employees, assistants, and agents of such experts and consultants who are assisting them for the purposes of this action; (d) court reporters, deposition stenographers, and videographers; (e) potential witnesses or persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to prepare them to testify; (f) the Court and its staff members; (g) GDC and its attorneys of record; and (h) such other persons as may be designated hereafter by written agreement of all Parties in this action or by order of the Court.

3.      Copies of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall be distributed only to and the information therein shared only with (a) the attorneys of record in this action and their respective associates, clerks, legal assistants, stenographic and support personnel; (b) experts and consultants retained by the Parties or the attorneys of record for this litigation and the employees, assistants, and agents of such experts and consultants who are assisting them for the purposes of this action; (c) court reporters, deposition stenographers, and videographers; (d) potential witnesses or persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary to

prepare them to testify; (e) the Court and its staff members; (f) GDC and its attorneys of record; and (g) such other persons as may be designated hereafter by written agreement of all Parties in this action or by order of the Court.

4.     Counsel for a party shall be permitted to show any document marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to and to reveal information therein to any party or witness in connection with a deposition, interview, or hearing pertaining to this case.

5.     If any document marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" is filed with the Court, the document containing the confidential information shall be filed under seal or with the confidential information redacted, following the Court's applicable rules for such filing.

6.     Documents should not be designated as confidential as a matter of course. Mere agreement by the Parties and/or GDC that documents should be designated as confidential does not automatically satisfy the Fed. R. Civ. P. 26(c) good cause standard. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). Good cause will generally only be established where the materials (e.g., documents or testimony) contain trade secrets, personal identifying information, personal health information protected by the Health Insurance Portability and Accountability Act, sensitive commercial information, information deemed a "state secret" pursuant to O.C.G.A. § 42-5-36, information the disclosure of which would impact prison safety or security, where public disclosure, and/or information that would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). By designating a document "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," counsel represent that they have a good faith belief that the designated document or material merits protection in one of these ways or that there is other good cause for protection of the document or material. By

3

designating a document "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY," counsel represent that they have a good faith belief that the designated document or material merits protection in one of these ways or that there is other good cause for protection of the document or material, and further that the disclosure to another party or non-party would create a substantial risk of serious harm that cannot be avoided by less restrictive means.

7.      Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The challenging party shall provide written notice of each designation it is challenging and describe the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and confer directly within 14 days of the date of service of notice. If the Parties cannot resolve a challenge without court intervention, the party who designated the material as confidential may file and serve a motion to retain confidentiality within 14 days of service of the notice. Each such motion must be accompanied by a good faith conference certificate. The burden of persuasion shall be on the designating party. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to treat the material as confidential until the Court rules on the challenge

8.      Documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall be utilized only for purposes of this litigation, including appeals and related proceedings, and for no other purposes.

4

9.      In the event that either Party seeks to use documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" at a pretrial hearing or trial, including through argument or the presentation of evidence, counsel shall confer on such procedures that are necessary to protect the confidentiality of such material used in the course of any court proceedings. Such materials shall not lose their confidential status through such agreed upon or Court-ordered use. The Court may impose appropriate safeguards for the presentation of protected documents.

10.      Inadvertent failure to designate a document as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall not constitute a waiver of such claim and may be corrected upon notice to the parties or GDC. Upon receiving such notice, the parties or GDC shall thereafter mark and treat the material as so designated, and such material shall be fully subject to this Order from the date of such supplemental notice forward and shall exercise its best efforts to ensure redaction, return or destruction of such material as is appropriate under the provisions of this Order.

11.      If a party or non-party learns that, by inadvertence or otherwise, it has disclosed a document designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" to any person or in any circumstances not authorized under this Protective Order, the party or non-party shall immediately notify the other parties and any producing/designating non-party in writing of the unauthorized disclosure, use its best efforts to retrieve all unauthorized copies of the protected material, and inform the person or persons to whom unauthorized disclosures were made of all the provisions of this Order.

12.      Inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered CONFIDENTIAL-SUBJECT TO

PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" under this Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date provided that such designation is made within a reasonable period of time after the inadvertent production is or should have been known to the producing party. Any party or non-party receiving any such information or document must return it to the producing party upon request and within 7 days of receiving such request.

13.     Any person receiving a document marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEY'S EYES ONLY" shall not reveal the document to or discuss the information contained therein with any person not entitled to receive such information under the terms of this Order and shall use reasonable measures to store and maintain unredacted versions of such material, as well as any analyses, memoranda, notes, or other such materials generated based upon designated materials, to prevent unauthorized disclosure. If any counsel for the Parties becomes aware of a violation of this Order, such attorney shall notify all counsel of record and shall meet and confer in good faith to determine how to remedy the violation.

14.     Each party or non-party that designates information or items for protection under this Order agrees to take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party or non-party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited under this Order. If it comes to a designating party or non-party's attention that information or items that it designated for protection do not qualify for

protection, that designating party or non-party must promptly notify all other parties that it is withdrawing the inapplicable designation.

15.     Within 90 days upon conclusion of this lawsuit, including conclusion of any appeal from the final judgment of this Court, all confidential documents obtained, disclosed, or used pursuant to this order, and any unredacted copies thereof, shall be promptly destroyed or returned to the producing party, non-party, or person (and in no event later than ninety days after the termination).

16.     The provisions of this Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. Notwithstanding this provision, counsel may retain a copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain confidential documents so long as appropriate safeguards are imposed to prevent the use of any copies for any purpose. Any such copies remain subject to this Order.

17.     The signature of counsel to this Order constitutes their agreement, on behalf of themselves, their law firms, and the Parties they represent, to be bound by the terms of this Order.

18.     This Order may be executed in any number of counterparts, all of which taken together shall constitute one document, and may be executed by facsimile signature or electronic signature.

19.     Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file

7

8

a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

SO ORDERED this 22nd day of ____June____, 2026.

____s/Tilman E. Self, III_____
TILMAN E. SELF, JUDGE
UNITED STATES DISTRICT COURT

SIGNATURES OF COUNSEL AFFIRMING CONSENT AND COMPLIANCE:

For Plaintiff:

/s/ *Victoria Olender Hellstrom*
Anna Arceneaux (Ga. 401554)
Victoria Olender Hellstrom (Ga. 168312)
Victoria.olender.hellstrom@garesource.org
Anna.arceneaux@garesource.org
**GEORGIA RESOURCE CENTER**
104 Marietta Street, NW, Suite 260
Atlanta, Georgia 30303
(404) 222-9202

Mark Begnaud (Ga. 217641)
Michael J. Eshman (Ga. 365497)
mbegnaud@eshmanbegnaud.com
meshman@eshmanbegnaud.com
**ESHMAN BEGNAUD, LLC**
315 W. Ponce De Leon Ave, Suite 775
Decatur, GA 30030
(404) 665-9601

Paul N. Monnin
William J. Lasker
Shanique C. Campbell
Paul.Monnin@alston.com
Will.Lasker@alston.com
Shanique.Campbell@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777


For Defendants:


Christopher M. Carr            112505
Attorney General

Loretta L. Pinkston-Pope       580385
Deputy Attorney General
William W. Peters              515342
Senior Assistant Attorney General

/s/ H. Thomas Shaw
H. Thomas Shaw                596133
Special Assistant Attorney General

ALEXANDER & VANN, LLP
411 Gordon Avenue
Thomasville, GA 31792
tshaw@alexandervann.com
(229)226-2565